UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MIGUEL ALEJANDRO JARAMILLO,

                Plaintiff,

    v.                                           7:10-CV-0924
                                                       (TJM/GHL)

JEFFERSON COUNTY DISTRICT
ATTORNEY'S OFFICE, CINDY F.
INTSCHERT, KRYSTINA S. MILLS,

                Defendants.

APPEARANCES

MIGUEL ALEJANDRO JARAMILLO, 14367
Plaintiff *pro se*
Jefferson County Jail
753 Waterman Drive
Watertown, New York 13601

GEORGE H. LOWE, United States Magistrate Judge

## REPORT AND RECOMMENDATION

      The Clerk has sent to the Court for review a *pro se* complaint submitted for filing by Plaintiff, together with an application to proceed *in forma pauperis*. (Dkt. Nos. 1 and 2.)

      In his *pro se* complaint brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges that Defendants, the Jefferson County District Attorney's Office and two of its employees, violated his constitutional rights while prosecuting him. (Dkt. No. 1.) Specifically, he alleges that Defendants lost or destroyed evidence and violated his speedy trial rights. *Id*.

      28 U.S.C. § 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, " the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious [,] fails to state a claim on which relief may be granted[,] or . . . seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, the court has a responsibility to determine that a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*.[2] *See id.* Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*. *See e.g. Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

Here, Defendants are prosecutors. "[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case. . . ." *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1147 (2d Cir. 1995) (punctuation and citations omitted); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence)). This immunity applies to individual district attorneys for claims arising out of acts "within the scope of their duties in initiating and pursuing criminal prosecution." *Pinaud,* 52 F.3d at 1147 (punctuation and citations omitted). Therefore, Defendants are immune and the complaint fails to state a claim.

For the reasons stated above, the pleading, as presented to this Court, cannot be supported by an

---

[1] In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[2] Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327.

arguable basis in law and should therefore be dismissed pursuant to 28 U.S.C. § 1915(e).  Because an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it," I recommend that the complaint be dismissed with prejudice.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's complaint (Dkt. No. 1) be dismissed with prejudice for failure to state a claim; and it is further

**RECOMMENDED** that Plaintiff's *in forma pauperis* application (Dkt. No. 2) be denied as moot; and it is further

**ORDERED**, that the Clerk serve a copy of this Report and Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: October 5, 2010
       Syracuse, New York

George H. Lowe
United States Magistrate Judge